UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLETUS WILLIAMS, #206039,

        Plaintiff,

v.                                        CASE NO. 2:10-CV-11129
                                        HONORABLE LAWRENCE P. ZATKOFF

PATRICIA CARUSO, ET AL.,

        Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.     Introduction

Carletus Williams ("Plaintiff"), a Michigan prisoner currently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court has granted his application to proceed without prepayment of fees and costs for the civil rights action pursuant to 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that the Michigan Department of Corrections ("MDOC") has failed to comply with a state court order concerning the withdrawal of funds from his prison account to satisfy required court payments. The complaint and supporting documents indicate that the MDOC is authorized to deduct no more than 50% of the amount Plaintiff receives in excess of $50.00 to satisfy his state court judgment(s). Plaintiff asserts that the MDOC has erroneously deducted and/or continues to deduct 100% of his funds, rather than 50% as required. Plaintiff names MDOC Director Patricia Caruso, Warden Debra Scutt, and Prison Accountant D. Williams as defendants in this action. He seeks declaratory, injunctive, and monetary relief. For the reasons stated herein, the Court summarily

1

dismisses the complaint and concludes that an appeal cannot be taken in good faith.

II.    Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted.

A.    Claims against Defendants Caruso and Scutt

As an initial matter, the Court finds that Plaintiff's claims against defendants Caruso and Scutt must be dismissed because Plaintiff has failed to allege any facts demonstrating the personal

involvement of those defendants in the events giving rise to his complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dep't. of Social Svs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior*); *Taylor v. Michigan Dep't. of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so with respect to defendants Caruso and Scutt. Any claim that those defendants (1) failed to properly supervise another employee, (2) should be vicariously liable for the employee's actions, (3) did not properly respond to the situation, or (4) erred in denying any grievances is insufficient to state a claim under § 1983.

Plaintiff has also not alleged facts showing that his financial injury is the result of any policy or regulation, or that any improper conduct arose from the MDOC's deliberate failure to adequately investigate, train, or supervise its employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such claims). Conclusory allegations are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff's claims against defendants Caruso and Scutt must be dismissed.

B.      Eighth Amendment Claim

Plaintiff first seems to assert that the alleged improper withdrawal from his prison account constitutes cruel and unusual punishment. To state an Eighth Amendment claim, a prisoner must allege that the offending conduct constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Such a claim has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298

(1991).  The objective component of an Eighth Amendment claim requires that the pain be serious

or concern the deprivation of the "minimal civilized measure of life's necessities."  *Rhodes v.

Chapman*, 452 U.S. 337, 347-49 (1981).  The objective component requires that the offending

conduct be intentional or deliberately indifferent.  *See Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976); *see also Wilson*, 501 U.S. at 301-03.  Plaintiff has failed to allege facts to support any such

claim.  Conclusory allegations are insufficient to state a claim for relief under § 1983.  *See, e.g.,

Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Furthermore, federal courts have consistently declined to find Eighth Amendment violations

arising from the alleged improper withdrawal of prison funds.  *See, e.g., Erdman v. Martin*, 52 F.

App'x 801, 803-04 (6th Cir. 2002); *Brown v. Crowley*, 229 F.3d 1150, 2000 WL 1175615, at *2-3

(6th Cir. 2000); *Moody v. Weaks*, No. 1:09-CV-332, 2009 WL 1728102, at *3 (S.D. Ohio June 18,

2009) (Ohio prisoner failed to show that alleged improper withdrawal of funds deprived him of

necessities).  Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983

as to this issue.

C.      Fourteenth Amendment Claim

A prisoner or a pre-trial detainee has a protected property interest in his money.  *See

Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997).  To the extent that Plaintiff alleges that he

is being improperly deprived of his prison funds by the disputed withdrawals, however, he fails to

allege a constitutional violation.  A withdrawal of funds from a prisoner's institutional account to

satisfy court costs and fees does not "deprive" a prisoner of his funds when they are used to pay

court costs and fees because the funds are being used for his benefit.  *See Erdman*, 52 F. App'x at

803-04; *see also Gallagher v. Lane*, 75 F. App'x 440, 441-42 (6th Cir. 2003).

Moreover, even if a constitutional concern exists, Plaintiff has not shown that defendant Williams (or any other party) has intentionally deprived him of his money or has deliberately withdrawn improper amounts from his prison account. At best, he has shown that defendant Williams has been negligent, which fails to state a claim for relief under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (due process clause is not implicated by a negligent act).

Additionally, the United States Supreme Court has recognized that the negligent deprivation of a prisoner's property does not violate due process if the state provides an adequate remedy to redress the wrong. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part by Daniels*, 474 U.S. at 328 (ruling that negligence does not amount to a "deprivation" implicating due process). Likewise, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of due process "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Consequently, to state a due process claim for the intentional deprivation of property, a plaintiff must plead that available state procedures for redressing the wrong are inadequate. *See Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir. 1985) (en banc). Plaintiff has not done so. The State of Michigan provides adequate post-deprivation remedies to address Plaintiff's claims. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *see also Brown*, 2000 WL 1175615 at *2 (affirming dismissal of prisoner's due process claim arising from alleged wrongful deduction from prison account). Thus, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

III.     Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon

which relief may be granted under 42 U.S.C. § 1983 in his pleadings.  Accordingly, the Court

**DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court also

concludes that an appeal from this order would be frivolous and cannot be taken in good faith.  *See*

28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 19, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record
by electronic or U.S. mail on May 19, 2010.


S/Marie E. Verlinde
Case Manager
(810) 984-3290